FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2013 JAN 16  P 3: 21

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| TIMO HERBRAND,<br>Am Botanischen Garten 65<br>50735 Köln, Germany, and<br><br>VAP ISTANBUL RESTORAN ISLETMELERI LTD.,<br>Bagdat Cad.<br>Salim Ragip Emec Sok. 4<br>Suadiye<br>Istanbul, Turkey,<br><br>Plaintiffs,<br><br>- v -<br><br>VAPIANO INTERNATIONAL LLC,<br>8280 Greensboro Dr.<br>Suite 530<br>McLean, VA 22102,<br><br>Defendant. | Civil Action No. 1:13 CV 59<br>TSE/JFA<br><br>**JURY TRIAL<br>DEMANDED** |

## COMPLAINT

Plaintiffs Timo Herbrand ("Herbrand") and VAP Istanbul Restoran Isletmeleri Ltd. ("VAP Istanbul"), by their attorneys, for their Complaint in this action allege:

### NATURE OF THE ACTION

1.     This action stems from the deliberate, willful actions of Defendant and its agents to breach Plaintiffs' bargained-for right to exclusively operate Vapiano restaurants in Turkey and to cheat Plaintiffs out of millions of Euros in lost profits.

2.     Pursuant to a Development Agreement signed in November 2006, Defendant granted Plaintiff Herbrand and his associates the right to open ten Vapiano restaurants in Turkey

and the right to be the exclusive operator of Vapiano restaurants in Turkey. Yet, after Plaintiffs had opened only one restaurant, Defendant went behind Plaintiffs' backs to assist a third party in opening competing Vapiano restaurants in direct breach of the Development Agreement. On top of this, Defendant misappropriated funds and confidential financial information from Plaintiff VAP Istanbul in order to open and operate the competing restaurants.

3.     Defendant was able to carry out this scheme because of double-dealing by its agent, Kent Hahne ("Hahne"), who, at all relevant times, served both as President of Defendant Vapiano International and as a shareholder in a joint venture formed with Plaintiff Herbrand and others to exclusively operate Vapiano restaurants in Turkey. Hahne advantaged Defendant to the detriment of Plaintiffs, encouraging Plaintiff Herbrand and his associates to halt development, while at the same time working to open competing restaurants. In furtherance of this plan, Hahne directed Ertan Kirimselioglu, then-General Manager of Plaintiff VAP Istanbul, to misappropriate funds and information, without the knowledge of Plaintiffs, to open the competing restaurants. The actions of Hahne and Defendant were intentional, deceptive and evidence a complete lack of good faith in their dealings with Plaintiffs.

## PARTIES

4.     Plaintiff Herbrand is an individual who resides in Köln, Germany.

5.     Plaintiff VAP Istanbul is a corporation organized and existing under the laws of Turkey, having its principal place of business in Istanbul, Turkey.

6.     Defendant Vapiano International, LLC ("Vapiano International" or "Defendant") is a corporation organized and existing under the laws of Delaware, having its principal place of business in McLean, Virginia. Defendant Vapiano International is a subsidiary of Vapiano SE, a European corporation headquartered in Bonn, Germany. Vapiano SE developed the self-service

Italian fast food chain known as "Vapiano." Defendant Vapiano International is a holding company, but previously acted as a franchisor for Vapiano SE.

## JURISDICTION AND VENUE

7.     The Court has jurisdiction pursuant to 28 U.S.C. § 1332.   The matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

9.     The Development Agreement (defined below) states that "legal venue is Bonn, Federal Republic of Germany."  This clause, under applicable law, is permissive rather than mandatory, and this action accordingly is proper in this district.

## BACKGROUND

10.     On or about June 1, 2006, Plaintiff Herbrand and certain other individuals and entities, including Hahne, entered into a Joint Venture Shareholders' Agreement for the creation of Vapiano Yatirim Holding Anonim Sirketi ("Vapiano Yatirim"), a Turkish joint venture company established on or about June 23, 2006. Vapiano Yatirim was created to be the vehicle for the establishment and operation of Vapiano restaurants in Turkey.   Plaintiff Herbrand contributed approximately 50% of the funds invested in Vapiano Yatirim.

11.     On or about July 5, 2006, Vapiano Yatirim created Plaintiff VAP Istanbul as a wholly-owned subsidiary, for the purpose of establishing and operating a Vapiano restaurant in Istanbul, Turkey.

12.     On or about November 27, 2006, Plaintiff Herbrand and the other individual shareholders of Vapiano Yatirim, including Hahne (collectively, the "Area Developer") entered into a Development Agreement with Defendant Vapiano International (the "Development Agreement").

3

13.     Pursuant to § 2.1 of the Development Agreement, Defendant Vapiano International granted the Area Developer "the right to conclude 10 franchise agreements . . . and to operate the according number of Vapiano restaurants on the basis of and subject to the stipulations of these franchise agreements."

14.     Pursuant to § 2.2 of the Development Agreement, Defendant Vapiano International granted the Area Developer "exclusive territorial rights" as further defined in § 4 of the Development Agreement.

15.     Pursuant to § 4.1 of the Development Agreement, Defendant Vapiano International granted the Area Developer "exclusive territorial rights regarding the Territory for the term of the Development Agreement." § 4.1 additionally provides, "Exclusive territorial rights shall be deemed to mean that [Defendant] Vapiano International shall refrain from granting any third party a franchise for the Territory and shall refrain from opening a Vapiano restaurant there itself during the term of this Development Agreement." "Territory" is defined in the Development Agreement as Turkey.

16.     On or about November 27, 2006, the Area Developer and Defendant Vapiano International entered into an International Franchise Agreement for the establishment and operation of a Vapiano franchise in Istanbul (the "Istanbul Restaurant").

17.     While preparing for the opening of the Istanbul Restaurant, Plaintiff Herbrand, together with the other individuals comprising the Area Developer, acting through Vapiano Yatirim, made substantial investments to build a network of suppliers, obtain approvals and develop central infrastructure, in anticipation of opening at least nine other Vapiano restaurants in Turkey. The total sum of these investments is approximately €5 million. If the Area Developer had planned to open only one restaurant in Turkey, the total investment would have

been approximately €1.5 million.  Plaintiff Herbrand personally invested approximately €1.5 million in excess of the amount he would have invested, had the Area Developer planned to open only one Vapiano restaurant in Turkey.

18.     The Istanbul Restaurant opened for business on November 26, 2006. Ahmet Refii Dener originally served as General Manager of the Istanbul Restaurant.  On or about October 8, 2007, at the urging of Hahne, Ertan Kirimselioglu ("Kirimselioglu") became the General Manager of the Istanbul Restaurant.  Kirimselioglu had a previous relationship with Hahne, having worked at a McDonald's franchise owned by Hahne in Germany.  At all relevant times, Kirimselioglu acted at the direction of Hahne, who was Defendant Vapiano International's president.  Kirimselioglu acted as an agent for Defendant Vapiano International.

19.     Shortly after opening the Istanbul Restaurant, Plaintiff Herbrand and Alaeddin Babaoglu, another of the Area Developers, began negotiations with Hahne regarding the opening of additional Vapiano restaurants under the terms of the Development Agreement.   The Development Agreement provided that the Latest Opening Date for a second Vapiano restaurant in Turkey would be December 31, 2007, and the Latest Postponed Opening Date for the restaurant would be June 30, 2008.  However, Hahne informed Plaintiff Herbrand throughout 2007 and 2008 that Defendant Vapiano International wanted to suspend development of the Vapiano brand in Turkey.  At the urging of Defendant Vapiano International, the parties agreed to postpone the opening dates of additional Vapiano restaurants in Turkey.

20.     Defendant Vapiano International's representations why it wanted to delay development of the Vapiano brand in Turkey were false.  Defendant wanted to, and did, expand its business in Turkey, but not with Plaintiff Herbrand.  Defendant no longer wanted to expand the Vapiano business in Turkey as an investment partner, but rather wanted to shift to a pure

franchise business model with a new franchisee. This was in direct breach of the Development Agreement.

21.     Shortly after becoming General Manager of the Istanbul Restaurant, Kirimselioglu began to misappropriate funds and confidential financial information belonging to VAP Istanbul in order to establish franchises in Turkey that would compete with the Istanbul Restaurant. Kirimselioglu testified in Turkish court proceedings that he took these actions upon the instruction of, and with the knowledge of, Hahne and Defendant Vapiano International.

22.     In June 2009, Vapiano Franchising LLC entered into a development agreement with Ergun Yildiz ("Yildiz") (the "Yildiz Agreement"). Vapiano Franchising LLC is a wholly-owned subsidiary of Defendant Vapiano International, formed on or about June 15, 2007. Defendant Vapiano International created Vapiano Franchising LLC as the franchising arm of Defendant Vapiano International.

23.     The Yildiz Agreement granted Yildiz exclusive development rights for the territory of Turkey. The Yildiz Agreement also recognized the obstacle that existence of the Development Agreement presented, stating that "cancellation of the former Development Agreement" was a precondition to the effectiveness of the Yildiz Agreement.

24.     The Development Agreement has never been cancelled or terminated and remains in force and effect. Defendant Vapiano International recently filed an action in Germany seeking a declaratory judgment that the Development Agreement has terminated. In a preliminary oral opinion provided during a hearing on March 2, 2012, the judge in the German court action stated that the Development Agreement remained valid and in effect.

25.     Yildiz nonetheless opened a Vapiano restaurant in Bursa, Turkey, in November 2009. Then, in December 2009, Yildiz opened a Vapiano restaurant in Nisantasi, a

neighborhood of Istanbul (the Bursa and Nisantasi restaurants referred to collectively as the "Yildiz Restaurants"). Kirimselioglu served as General Manager of the Yildiz Restaurants. On information and belief, Hahne and Defendant Vapiano International authorized the opening of these restaurants, in breach of the Development Agreement.

26. Yildiz and Kirimselioglu established VAP Bursa Restoran Isletmeleri A.S. and VAP Istanbul Nisantasi Restoran Isletmeleri Ltd. Sti. as the operating companies of the Yildiz Restaurants. Yildiz and Kirimselioglu also established a third company, VAP Istanbul Suadiye Restoran Isletmeleri Ltd. Sti. The registration address for all three companies was fraudulently listed as the address of VAP Istanbul, without the knowledge of Plaintiffs. On information and belief, Yildiz and Kirimselioglu established VAP Istanbul Suadiye Restoran Isletmeleri Ltd. Sti., at the instruction of Hahne and Defendant Vapiano International, to take over the lease contract of the Istanbul Restaurant.

27. Prior to the opening of the Yildiz Restaurants, Hahne tried to force Plaintiff Herbrand to sell his shares in the Istanbul Restaurant to Yildiz and threatened to bankrupt VAP Istanbul if Herbrand did not do so.

28. Witnesses from Plaintiff VAP Istanbul's accounting department have testified in Turkish court proceedings that Kirimselioglu paid all registration, advertisement, and employee training expenses in connection with the opening of the Yildiz Restaurants with funds from Plaintiff VAP Istanbul, and that he also transferred employees from the Istanbul Restaurant to the restaurant in Bursa but continued to pay their salaries and social security contributions with funds from Plaintiff VAP Istanbul. Kirimselioglu also provided sales figures and financial analyses from the Istanbul Restaurant to Yildiz to enable Yildiz to open the Yildiz Restaurants.

29.     Kirimselioglu took these actions as the agent of Defendant Vapiano International, with the knowledge of, and upon the instruction of, Hahne.

30.     Former employees of Plaintiff VAP Istanbul have testified in Turkish court proceedings that Hahne informed employees of the Istanbul Restaurant that Kirimselioglu would be helping to establish a new Vapiano restaurant in Bursa and that all employees should assist and support Kirimselioglu in this endeavor.

31.     Defendant Vapiano International and its president, Hahne – Plaintiff Herbrand's joint venture partner – concealed their plans to open competing restaurants from Plaintiffs Herbrand and VAP Istanbul. Plaintiffs had no knowledge of Kirimselioglu's misappropriation of funds and confidential information, and no knowledge that the Yildiz Restaurants were in development until just before the opening of the Yildiz Restaurant in Bursa.

32.     On information and belief, the Yildiz Restaurants were poorly managed, served poor quality food, and suffered from financial problems, including a failure to pay rent. Both Yildiz Restaurants closed on or about October 24, 2012. Yildiz's creditors are now seeking payment of his debts from Plaintiff VAP Istanbul, as VAP Istanbul is now the only Vapiano presence in Turkey.

33.     As of the present time, Area Developer should have been allowed to open six Vapiano restaurants in Turkey pursuant to the Development Agreement. At present, Area Developer has opened only one Vapiano restaurant pursuant to the Development Agreement (the Istanbul Restaurant). Absent the tortious and bad faith actions of Vapiano International and its agents, Area Developer would have opened at least five additional Vapiano restaurants in Turkey.

## FIRST CLAIM FOR RELIEF

### Breach of Contract

34.     The allegations of paragraphs 1-33 are incorporated into this claim for relief as if fully set forth herein.

35.     The Development Agreement is a valid and enforceable contract between Defendant Vapiano International, on the one hand, and various individuals, including Plaintiff Herbrand, on the other.

36.     Plaintiff Herbrand and the other individuals who signed the Development Agreement as "Area Developer" are not in material breach of the Development Agreement.

37.     Pursuant to the Development Agreement, Defendant Vapiano International granted the Area Developer, including Plaintiff Herbrand, the right to operate at least ten Vapiano restaurants in Turkey and the exclusive right to operate Vapiano restaurants in Turkey.

38.     Defendant Vapiano International breached the Development Agreement by refusing to permit the Area Developer to operate any Vapiano restaurants other than the Istanbul Restaurant.

39.     Defendant Vapiano International breached the Development Agreement by allowing its franchising arm to enter into a competing development agreement with Yildiz to operate Vapiano restaurants in Turkey and by permitting, aiding and supporting Yildiz to open two competing restaurants in Turkey.

40.     As a direct and proximate result of these breaches of contract, Plaintiff Herbrand has suffered damages in an amount not less than €1.5 million.  These damages include investments made in anticipation of opening new Vapiano restaurants in Turkey and the lost

profits from those restaurants. In addition, Defendant Vapiano International's actions have damaged the "Vapiano" brand in Turkey.

**SECOND CLAIM FOR RELIEF**

**Breach of the Duty of Good Faith and Fair Dealing**

41.    The allegations of paragraphs 1-40 are incorporated into this claim for relief as if fully set forth herein.

42.    Defendant Vapiano International acted contrary to the purpose and intent of the Development Agreement by instructing its agent, Kirimselioglu, to misappropriate funds and other confidential information belonging to Plaintiff VAP Istanbul and the Istanbul Restaurant to establish restaurants that would compete with the Istanbul Restaurant.

43.    Defendant Vapiano International acted contrary to the purpose and intent of the Development Agreement by allowing its franchising arm to enter into a competing development agreement with Yildiz to operate Vapiano restaurants in Turkey and by permitting, aiding, and supporting Yildiz to open two competing restaurants in Turkey.

44.    Defendant Vapiano International's actions breached the obligation of good faith and fair dealing that it owed to Plaintiff Herbrand under the Development Agreement.

45.    As a direct and proximate result of this breach of good faith and fair dealing, Plaintiff Herbrand has suffered damages in an amount no less than €1.5 million. These damages include investments made in anticipation of opening new Vapiano restaurants in Turkey and the lost profits from those restaurants. In addition, Vapiano International's actions have damaged the "Vapiano" brand in Turkey.

## THIRD CLAIM FOR RELIEF

### Conversion

46.     The allegations of paragraphs 1-45 are incorporated into this claim for relief as if fully set forth herein.

47.     Plaintiff VAP Istanbul possessed certain identifiable funds.  Defendant Vapiano International, through its agent, Kirimselioglu, misappropriated €50,000 of VAP Istanbul funds and used the funds to open competing Vapiano restaurants.  Defendant Vapiano International was aware of, authorized, and ratified the actions of its agent, Kirimselioglu.

48.     Plaintiff VAP Istanbul has the immediate right to possession of the funds wrongly misappropriated by Defendant's agent, Kirimselioglu.

49.     The actions of Defendant Vapiano International were intentionally concealed from Plaintiff VAP Istanbul and represent gross, wanton and bad faith conduct.

50.     As a direct and proximate result of this conversion of funds, Plaintiff VAP Istanbul has suffered damages in the amount of €50,000, and punitive damages should be awarded in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF

### Vicarious Liability for Turkish Law Violations

51.     The allegations of paragraphs 1-50 are incorporated into this claim for relief as if fully set forth herein.

52.     On June 7, 2012, the Kadikoy 5th Commercial Court of First Instance in Turkey found Kirimselioglu liable to Plaintiff VAP Istanbul for breaches of a management agreement between Kirimselioglu and Plaintiff VAP Istanbul and for violations of Turkish unfair competition law.  The Turkish court awarded Plaintiff VAP Istanbul damages in the amount of

57,510.05 Turkish Lira ("TL"), plus interest and other fees, for a total amount recoverable from Kirimselioglu of 91,289.56 TL (the "Turkish Court Judgment").

53.     Plaintiff VAP Istanbul has been unable to collect the Turkish Court Judgment from Kirimselioglu.  The Turkish Bailiff's Office has reported that Kirimselioglu does not reside at the address listed in the court's files and that the Bailiff has been unable to locate and confiscate any property belonging to Kirimselioglu in order to satisfy the judgment.

54.     In carrying out the actions that were the subject of the Turkish Court Judgment, Kirimselioglu was acting as the agent of Defendant Vapiano International.  Defendant Vapiano International was aware of, authorized, and ratified the actions of its agent, Kirimselioglu. Defendant Vapiano International is therefore liable for the Turkish Court Judgment.  As a direct and proximate result, Plaintiff VAP Istanbul has suffered damages in an amount not less than 91,289.57 TL.

## JURY TRIAL DEMAND

55.     Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

(i)     Enter judgment in Plaintiffs' favor;

(ii)    Declare that Defendant has breached the Development Agreement by preventing Plaintiff Herbrand from opening additional Vapiano restaurants in Turkey and by opening competing Vapiano restaurants in Turkey;

(iii)   Declare that Defendant has breached its obligation of good faith and fair dealing under the Development Agreement;

(iv)    Award damages;

12

(v)  Award punitive damages; and

(vi)  Award such other and further relief as the Court may deem just and proper.

Dated: January 16, 2013

FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP

By:  _____

Eugene N. Hansen (VA Bar # 48357)
801 17th Street, N.W.,
Washington, D.C. 20006
Telephone:  (202) 639-7000
Facsimile:  (202) 639-7003
Email:  eugene.hansen@friedfrank.com

*Attorney for Plaintiffs*

13

8847454